UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY BOOMER, also known as
SOLOMON BOOMER,
        Petitioner,
  vs.
                Civil Action No.
                9:08-CV-707 (DNH)
JAMES CONWAY, Superintendent, Attica
Correctional Facility,
        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:            OF COUNSEL:

GREGORY BOOMER, 94-A-4650
Petitioner *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

DAVID N. HURD
United States District Judge

# **O R D E R**

## I. **Background**

A Petition for a Writ of Habeas Corpus brought by petitioner Gregory Boomer

("petitioner" or "Boomer") pursuant to 28 U.S.C. § 2241, together with an application to

proceed *in forma pauperis,* and an application for release or bail, was filed in the Western

District of New York on June 2, 2008. Dkt. Nos. 1-3, 7. Pursuant to a Decision and Order

dated June 13, 2008, the case was transferred from the Western District to this District. Dkt.

No. 4. Petitioner is presently confined at the Attica Correctional Facility and has not paid the

required filing fee.

## II. **Petition**

In his petition, Boomer complains of a judgment of conviction rendered in Albany County Court on May 12, 1994. After a jury trial, petitioner was found guilty of attempted murder (three counts), second and third degree criminal possession of a weapon, first degree reckless endangerment (three counts), attempted aggravated assault (three counts), and fifth degree criminal possession of a controlled substance. Dkt. No. 1, at 2. Boomer states that he was sentenced to a term of "82 ½ years to life" in prison. Id. The Appellate Division, Third Department, is alleged to have affirmed this conviction on August 15, 1996, and the Court of Appeals is claimed to have denied petitioner leave to appeal on December 31, 1996. Id. at 3. Boomer also states that he filed several motions for collateral relief, including a writ of error coram nobis on March 7, 1998 (Id. at 4), a petition for a writ of habeas corpus under "28 USC. [sic] 2244(b)" in the United States Court of Appeals on November 11, 2005 (Id. at 5), an "Extraordinary Writ" in the United States Supreme Court on July 6, 2007 that was denied on October 1, 2007 (Id. at 5), and a "New York State Habeas Corpus" in May or June 2007 (Id. at 9).

In this petition, Boomer claims, generally, that: (1) the state court lacked jurisdiction over him; (2) the indictment was jurisdictionally defective; (3) no valid certificate of conviction has been issued; (4) his sentence is illegal; and (5) the prosecutor's declaration of readiness for trial was illusory. Dkt. No. 1, 7a, 8a-e. He further asserts that his constitutional rights have been violated because the state courts refuse to respond to his state court filings, including a state habeas corpus, in which he argues similar claims. See Dkt. No. 1 at 21, ¶¶11-15. For a more complete statement of Boomer's claims, refer to the petition.

Boomer previously filed a habeas petition on May 20, 1998, in which he challenged the same conviction that he attacks in his current petition. Boomer v. Kelly, No. 98-CV-808, Dkt. No. 1.  In the previous application, Boomer argued that his appellate attorney was ineffective for not raising several claims concerning the effectiveness of his trial attorney and in not seeking reversal of his conviction in the interest of justice.  See Boomer, No. 98-CV-808, Dkt. Nos. 1, 15. The petition was referred to Magistrate Judge David R. Homer, who, after determining that the petition lacked merit, recommended denying the petition in a Report and Recommendation dated April 12, 1999.  See Boomer, No. 98-CV-808, Dkt. No. 15.  The recommendation was adopted, and the petition was ordered denied and dismissed on June 13, 2000.  Id. at Dkt. Nos. 26-27. Boomer's application for a certificate of appealability was denied by the Second Circuit on or about May 21, 2001.  Id. at Dkt. No. 37.

Thereafter, petitioner apparently moved the United States Court of Appeals for the Second Circuit for an order authorizing this Court to consider a second or successive petition, which was denied by the Second Circuit on or about February 1, 2006.  See Boomer, 98-CV-808, Dkt. No. 39.

### III.  Petition Brought Under 28 U.S.C. § 2241

Boomer is adamant that his pending petition should be considered pursuant to 28 U.S.C. § 2241(a), (c)(3) and 28 U.S.C. § 1651,[1] and not 28 U.S.C. § 2254. See Dkt. Nos. 1, 6. The fact that Boomer has invoked section 2241 does not require the Court to so construe it.  Rather," 'it is the substance of the petition, rather than its form, that' governs."  Cook v.

---

[1] Section 1651 provides generally that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)(quoting James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)).

While section 2241 and section 2254 have overlapping language, the provisions address different claims. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. Cook, 321 F.3d at 278; Guerra v. United States, No. 07-CV-346, 2007 WL 1176027, at *1 (N.D.N.Y. Apr. 19, 2007)(Scullin, S.J.).[2] State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Cook,

---

[2] Federal prisoners may also challenge the validity of their convictions under section 2241 if they can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. See Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003); Guerra, 2007 WL 1176027, at *1. This so-called "savings clause" applies only in rare circumstances where a federal prisoner can prove actual innocence on the face of the existing record and that the claim could not have been raised earlier. Cephas, 328 F.3d at 104 (citing Triestman v. United States, 124 F.3d 361, 363 (2d Cir. 1997)). The savings clause is based upon specific language found in section 2255 that is absent from section 2254. Thus, even if Boomer had alleged actual innocence in his petition, the "savings clause" exception contained in section 2255 is unavailable to him as a state prisoner challenging a state conviction. Cf Figueroa v. Walsh, No. 06-CV-4179, 2007 WL 2288048, at *3-4 & n. 2 (E.D.N.Y. Aug. 8, 2007)(finding that because the grounds for relief under section 2255 are equivalent to the grounds for relief encompassed by section 2254, all aspects of the reasoning articulated in cases comparing section 2241 to section 2255, including the reasoning surrounding the "savings clause," applied when comparing sections 2241 and 2254).

321 F.3d at 278; Wright v. Smith, 2007 WL 2412248, at *4 n. 7 (N.D.N.Y. Aug. 21, 2007)(Hurd, J, adopting Report - Recommendation of Lowe, M.J.).

Boomer is plainly disputing his continued custody pursuant to a state court conviction, a challenge properly brought under section 2254. Cook, 321 F.3d at 278 (finding that state prisoner's challenge to parole revocation was properly brought under section 2254, and noting that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead"); see Wright, 2007 WL 2412248, at *4 & n.7 (a petitioner challenging continuing custody pursuant to a state court conviction must seek relief pursuant to section 2254 and not section 2241); Maldonado v. Savage, No. 07-CV-0106A, 2007 WL 952043, at *1 (W.D.N.Y. Mar. 28, 2007)(challenge to execution of state prisoner's challenge must be brought under section 2254). Boomer's petition must therefore be construed as one brought under section 2254.

## IV. Conversion of Petition

Ordinarily, before a habeas petition brought under section 2241 may be properly converted into a section 2254 petition, the petitioner must be given notice of the district court's intent to convert the petition and an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. Cook, 321 F.3d at 282; Adams v. United States, 155 F.3d 582 (2d Cir.1998) (per curiam)(Adams I). This notice requirement was originally developed in the context federal habeas petitions. If the district court converted a motion filed under some other provision into a section 2255 petition, "the movant's one chance at § 2255 relief would be used up - without the movant's consent and despite the movant's possible ignorance of the consequences." Simon v. United States, 359 F.3d 139,

141 (2d Cir. 2004); see <u>Adams I</u>, 155 F.3d at 584 ("A prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255."). Thus, the Second Circuit held that the petitioner must be warned that any subsequent section 2255 petition would be subject to the gate keeping restrictions on second or successive petitions. The Supreme Court affirmed this reasoning in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), holding that when a district court recharacterized a *pro se* petitioner's motion "as a **first** § 2255 motion[,]" the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." (emphasis added). The <u>Adams I</u> notice requirements were extended to section 2254 petitions because:

> the problem arising from conversion is the same. Whether a petitioner is a state or federal prisoner, converting a *pro se* habeas petition filed under a statute not subject to the severe "second or successive" restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim."

<u>Cook</u>, 321 F.3d at 282.

The Second Circuit later clarified that the notice requirements in <u>Adams I</u> do not apply to federal prisoners who had one or more prior section 2255 motions dismissed on the merits because, under these circumstances, the federal prisoner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before

any second or successive motion may be considered by the district court.  See Adams v. United States (Adams II), 372 F.3d 132, 136 (2d Cir. 2004); Roccisano v. Menifee, 293 F.3d 51, 58 (2d Cir. 2002); Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001). Thus, when district courts are faced with a petition brought under section 2241 that raises claims that should be properly raised under section 2255, the court may treat the petition as a second or subsequent section 2255 petition, without providing the petitioner with notice and an opportunity to withdraw the petition, and transfer it to the Second Circuit for certification so long as the prisoner had a prior section 2255 motion dismissed on the merits.  Adams II, 372 F.3d at 136; Jiminian, 245 F.3d at 148; McIlwain v. Nalley, No. 02-CV-1046, 2008 WL 355623, at *4 (N.D.N.Y. Feb. 7, 2008)(Scullin, S.J., adopting Report-Recommendation by Bianchini, M.J.).

The Adams I notice requirements were designed to address the same concern arising from conversion regardless of whether the petitioner was a federal or state prisoner - the one chance to obtain relief under section 2255 or section 2254 being used without the petitioner's consent or knowledge of the consequences of conversion.  Cook, 321 F.3d at 282-83.  If those parallel concerns are not implicated in the case of a *federal* prisoner who has had a prior section 2255 motion denied on the merits, then, by analogy, those concerns are not implicated where a *state* prisoner has had a prior section 2254 denied on the merits. See Palmer v. Phillips, No. 05 Civ. 9894, 2007 WL 60419, at *2 (S.D.N.Y. Jan. 8, 2007)(stating that the warnings discussed in Castro apply "only where the recharacterized petition would be a petitioner's first habeas filing, lest subsequent petitions be barred as "second or successive.")(citing Castro, 540 U.S. at 383).

Here, although Boomer's petition is styled as one under 2241, this section is unavailable to collaterally attack a state court judgment or sentence and so the petition must be construed under section 2254. Cook, 321 F.3d at 281-82. If the petition was Boomer's first application for federal habeas review of his state conviction, he would be advised of the Court's intention to convert his petition into one brought under section 2254, and that this conversion would mean that any future petition would be subject to the restrictions on second or successive petitions set forth in 28 U.S.C. § 2244(b).  But, as noted above, Boomer has already filed a previous habeas petition under section 2254 that was denied on the merits. As he candidly noted in his petition, he has also previously sought permission from the Second Circuit to file a second or successive petition.  Under these circumstances, Boomer's petition is already subject to the gate keeping provisions of section 2244.

If Boomer was given the Adams I notice warnings at this point, and he consented to conversion, this Court would have no jurisdiction to consider the petition without authorization from the Second Circuit.  The result would be the same if Boomer opted to withdraw his petition or amend it to include other possible claims. See 28 U.S.C. § 2244 (b)(3)(A). Under either scenario, Boomer cannot proceed with a second or successive habeas petition in which he challenges the constitutionality of his state court conviction without authorization from the Second Circuit.  Converting Boomer's petition to one brought under section 2254 will, therefore, "add no further adverse consequences for any future petition." Palmer, 2007 WL 60419, at *2.

Accordingly, since Boomer's petition raises claims that are properly brought under section 2254, the petition will be treated as a second or successive section 2254 petition.

## V. Second or Successive Habeas Petitions

In addition to establishing a statute of limitations for habeas petitions, the AEDPA also placed restrictions upon the filing of second or successive petitions. The AEDPA requires individuals seeking to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. *See* 28 U.S.C. §§2244(b)(1), (b)(2), and (b)(3). A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. Bryant v. Donnelly, No. 02-CV-1271, 2007 WL 405854, at *4 (N.D.N.Y. Feb. 1, 2007)(Kahn, J., adopting Report - Recommendation of DiBianco, M.J.)(quoting Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003)("[T]he authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived.").

The Second Circuit has stated that when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit for review under the statute. Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

The petition now pending is clearly a second or successive petition, even though Boomer has raised new claims in an effort to challenge the constitutionality of his state conviction. Since Boomer had a previous section 2254 petition denied on the merits, this petition will be transferred to the Second Circuit under section 2244(b)(3)(A) and Liriano for a

determination by that court as to whether he should be authorized to file a second or successive habeas petition in the District Court. See also Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005)(stating the requirements on second or successive habeas petitions under section 2244(b)(1)-(3), and noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new-rule or actual-innocence provisions. §2244(b)(3)."); see Figueroa, 2007 WL 2288048 at *5 (treating a petition filed under section 2241 as a second or successive section 2254 petition and transferring it to the Second Circuit).

## VI.  Application to proceed in forma pauperis

This Court makes no ruling as to the petitioner's *in forma pauperis* application, thereby leaving that determination to the Second Circuit.

## VII.  Application for Release or Bail

Boomer has also filed a motion for release or bail pending the outcome of his petition.  Dkt. Nos. 2, 3, 7.  This Court makes no ruling as to this application, thereby leaving that determination to the Second Circuit.

THEREFORE, it is

ORDERED, that

1. The Clerk is directed to transfer this matter to the United States Circuit Court for the Second Circuit for a determination under section §2244(b)(3)(A) as to whether Boomer should be authorized to file a second or successive habeas petition in the District Court; and

      2.  The Clerk is directed to serve a copy of this Order by **regular** mail upon Boomer.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   July 8, 2008
           Utica, New York.